UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNMARIE VITAREILLI,

                Plaintiff,

- v. -

KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER**

20 Civ. 9007 (PGG) (JW)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiff Annmarie Vitarelli seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of Social Security[1] denying her application for disability insurance benefits.  (Cmplt. (Dkt. No. 1))  The parties have cross-moved for judgment on the pleadings.  (Dkt. Nos. 22, 26)  On November 4, 2020, this Court referred the parties' motions to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation ("R&R").  (Order of Reference (Dkt. No. 7))  On February 1, 2022, the referral was reassigned to Magistrate Judge Jennifer Willis.

        On July 21, 2022, Judge Willis issued a 34-page R&R, recommending that (1) Plaintiff's motion for judgment on the pleadings be granted to the extent that Plaintiff seeks a remand for further administrative proceedings; and (2) Defendant's motion for judgment on the pleadings be denied.  (R&R (Dkt. No. 29))

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security.  Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi as the Defendant, "Commissioner of Social Security."

In her R&R, Judge Willis notified the parties that they had fourteen days from service of the R&R to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  (Id. at 34)  The R&R further states that "**[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review**."  (Id. (emphasis in original) (citing Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003)))  Neither side has filed objections to the R&R.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas, 474 U.S. at 147-48; see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This Court has nonetheless reviewed the R&R for clear error, and finds no such

error.

Vitarelli argues that the Administrative Law Judge ("ALJ") erred in finding that she was not disabled. According to Vitarelli, "the ALJ failed properly to: (1) evaluate the opinion evidence; (2) evaluate her [complex regional pain syndrome ("CRPS")]; and (3) consider her borderline age situation." (R&R (Dkt. No. 29) at 7)

Judge Willis finds that "the ALJ's residual functional capacity determination [that Vitarelli could perform sedentary work] was not supported by substantial evidence." (Id. at 24) Judge Willis further concludes that the ALJ did not sufficiently develop the record in determining that Vitarelli's CRPS was not severe. (Id. at 27) Judge Willis further finds that the "record is not clear what medical source evidence, if any, was the basis for the ALJ's determination" on this point. (Id.)

Judge Willis also takes issue with the ALJ's classification of Vitarelli as "a younger person (under age 50)" in considering "whether [she] was disabled under [20 C.F.R.] § 404.1520(g)(1)." (Id. at 28 (quoting 20 C.F.R. § 404.1563(a))) Judge Willis points out that another regulation provides that the age categories are not to be applied "'mechanically in a borderline situation.'" (Id. (quoting 20 C.F.R. § 404.1563(b))) Here, Judge Willis finds that the ALJ "failed to assess whether the borderline [age] situation existed, in light of the fact that Vitarelli would be four month[s] and six days short of her 50th birthday on the date of the [ALJ's] decision." (Id. at 33) Judge Willis further concludes that the ALJ's error on this point "was not harmless." (Id.)

Judge Willis recommends a remand, given "the ALJ's failure to consider the borderline age situation and whether the higher age category should have been applied in the circumstances of [Vitarelli's] case." (Id. at 33-34)

3

This Court has reviewed Judge Willis's well-reasoned R&R and is satisfied that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

## CONCLUSION

Judge Willis's R&R (Dkt. No. 29) is adopted in its entirety. Plaintiff's motion for judgment on the pleadings is granted to the extent that this case is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings is denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 22, 26) and to remand this case to the Commissioner of Social Security for further proceedings.

Because the parties did not object to the R&R adopted herein, appellate review of this Order is precluded. See, e.g., Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988).

Dated:  New York, New York
       September 26, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge